JOAQUÍN NAZARIO-FIGUEROA, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 669.    Submitted February 1, 1927.—Decided May 18, 1927.

*Nazario & García Méndez* for the appellant. The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Sections 1 and 2 of the Act of 1902 governing appeals from the decisions of the registrars of property (Comp. 1911, Secs. 2180 and 2181) provide that when a registrar refuses absolutely or provisionally to record, enter or cancel any document he shall set out at the foot of that document the legal grounds for his refusal and give notice thereof to the interested party who must sign the notice; and that should the latter not withdraw the document within two days after such notice, the registrar shall forward it by the next mail

to the Supreme Court for a decision affirming or reversing the decision of the registrar.

In the present case the registrar refused to record a deed of sale and gave notice of his refusal to the person who presented the document in the registry, forwarding it afterwards to this court because it had not been withdrawn, and the party interested in the record alleges now that the forwarding was premature under said section 2 because the party interested in the record had not been notified of the refusal to record, citing the case of *Monserrate* v. *Registrar,* 31 P.R.R. 607.

Section 6 of the Mortgage Law, as amended in 1923, provides that the record of instruments in the registry may be demanded by any agent verbally appointed by the parties interested in the instrument; and section 53 of the Regulations provides that by legal representative of a person interested in a record is meant his agent, even though the mandate be verbal or implied, and an agent for the purpose of presenting documents in the registry and requesting their record is any person intrusted therewith by the interested party. Therefore, we have to conclude, in view of the foregoing statutes, that the person interested in' the record was served with notice of the refusal to record because the notice was served on the person who presented for record the document in the registry and, therefore, the forwarding of that instrument to us by the registrar was not premature. The case of *Monserrate* v. *Registrar, supra,* is not applicable to the present case, because in that case no person whatever was served with notice of the refusal of the registrar.

It is also alleged by the person interested in the record of the instrument that the refusal of the registrar was still premature because under Act No. 20 of July 7, 1923, the registrar must not refuse to record an instrument until at least five days from the notice to the interested party of any defects in the instrument, so that he might withdraw it and cure its defects.

That Act amends section 19 of the Mortgage Law and

provides that in case the registrar should discover any defect involving the legality of the instrument presented or the capacity of the parties thereto, he shall report the defect in writing to the person presenting the document or to the notary authorizing it so that they may withdraw it and cure the defect within the time of the validity of the entry of presentation, or at least within five days from such notice; that the notary or the person presenting the instrument need not withdraw the same if in order to cure the defect it should only be required to attach thereto another document or proper antecedents. Should the defect not be corrected within the prescribed term, the registrar shall refuse to record the instrument in the case of an incurable defect, or shall state the defect if curable; and that the notice to the person presenting the instrument or to the notary shall be set out on the margin of the entry of presentation.

The appellant does not show the date of the service of that notice, though he states in his brief that it had been served on the 26th of December; but as it appears from the registry that the notice was served on the person who presented the document on the 24th of December and as the refusal to record was not issued until the 31st of the same month, it turns out that the statutory five days had expired and therefore the refusal was not premature.

These questions being disposed of let us examine the grounds for this appeal.

There was presented for record in the registry a judicial deed of sale executed on August 9, 1926, by the marshal of the District Court of Mayagüez in favor of the appellant, to whom was adjudged certain property therein described as the award in a foreclosure proceeding instituted against Augusto Quiñones Anglada and his wife wherein the court decreed that the demand for payment made on the defendants be notified to Salvador Guardiola whose name appeared in the certificate of the registrar, in compliance with section 171 of the Regulations for the Execution of the Mortgage Law.

It also appears from the deed that the public sale of the mortgaged property had been advertised in the newspaper *El Diario del Oeste* of Mayagüez, in its issues of July 14, 21 and 28, 1926, as the public sale was set for the 4th of August, 1926.

The registrar refused to record the document and stated the grounds for his refusal in a long decision which may be summarized thus: 1. Because it does not appear from the deed that the marshal complied with the order of the court to serve notice on Salvador Guardiola of the demand for payment made on the debtor and therefore the public sale proceedings were ineffective because no opportunity was given to the mortgage Guardiola to be present at the sale. 2. Because it does not appear from the deed how the notices of the sale had been published so as to show whether Guardiola had been informed of the sale by the notices in case of failure to serve him personally in regard to the demand for payment made on the debtor. 3. Because it does not appear from the deed that the marshal had posted notices of the public sale of the property at any place in the city of San Germán which is the municipal district where the property is situated, as required by section 172 of the Regulations. All the above shows, in the opinion of the registrar, that there has not been due process of law in carrying out the sale.

On the same date the registrar made another decision refusing the record on the ground of the insufficiency of the revenue stamps, because the record of the document requiring $9.50 worth of stamps according to the schedule and the Political Code and the person who presented the document having furnished only $6, he had refused to furnish the remaining $3.50 notwithstanding having been requested to do so.

The refusal to record was appealed from by means of this administrative appeal in which we find only a brief of the appellant referring to the first decision.

The registrar also sent up to this court a document issued by the clerk of the District Court of Mayagüez certifying that in the aforesaid foreclosure proceedings there is a return of the marshal of having served the demand for payment on Guardiola in compliance with section 171 of the Regulations for the Execution of the Mortgage Law. We shall disregard that certificate, as it was presented to the registrar after his refusal to record the deed of sale.

It is provided by the last paragraph of the Regulations for the Execution of the Mortgage Law that when the certificates of the registrar of property (which must be submitted when instituting foreclosure proceedings) show the addresses of the persons interested in the liabilities which may have been recorded subsequently to the right of the petitioner, the judge shall order, at the time demand for payment is issued, that notice thereof be served on said interested persons at the addresses mentioned if found there; and paragraph 2 of section 172 of the Regulations provides that such notice shall state the day, hour and place of the sale, and shall also serve to notify the creditors whose interests in the property were recorded or cautionary notices thereof entered subsequently to the claim of the execution creditor, upon whom the notice prescribed by the last paragraph of section 171 may not have been served, to which end it shall be necessary that the names of such interested persons be stated as they appear in the certificate of the registrar, in order that they may attend the sale if they so desire. The purpose of such provisions is, as stated in the case of *Montes de Oca* v. *Báez*, 23 P.R.R. 656, that subsequent creditors should not complain that they have been injured by the application of section 125 of the Mortgage Law, as amended by Act No. 31 of 1912, which orders the cancellation of the credits subsequent to that of the execution creditor when the value of the sale or the award does not equal or exceed the mortgage debt which is liquidated. Therefore, in order to make possible the record of a sale deed acquired in a

public sale in foreclosure proceedings there must appear from the title or be shown to the registrar, when there are credits recorded or entered subsequently to the execution credit, that compliance has been had with the sections above mentioned in regard to the service of notice personally or by publication of the sale on subsequent creditors with recorded titles; and as in the present case it does not appear that Guardiola was notified either personally or by notice of the sale, the registrar acted properly in refusing to record the title which is the subject of this appeal.

The third ground has no foundation because the sale of encumbered property in foreclosure proceedings is governed by the Act of 1905 relating to judgments and the manner of satisfying them, as laid down by this court in several cases (*Manrique* v. *Registrar,* 33 P.R.R. 519), and it is provided in section 6 of that Act that immovable property taken by virtue of an execution or order of sale, shall be sold at public auction in the same manner provided by law for the sale of personal property under execution; and subdivision 2 of section 251 of the Code of Civil Procedure provides that in the case of the sale of personal property a notice of sale shall be posted in three public places of the precinct or city where the property is situated or the notice shall be published in some newspaper of the district. As the sale may be advertised in either of the above ways and it having been published in a newspaper of the district it was not necessary to show that the notice of the sale had been posted in the municipal district where the property is situated.

The second decision of the registrar denying the record for failure to furnish sufficient revenue stamps as required by the schedule of the registries of property is erroneous, because as such stamps are required for taking any action on documents presented in the registry, it is obvious that if they were not forthcoming no action should have been taken, and the record should not have been refused on that ground. As sufficient stamps had not been delivered it was not proper

to deny the record either on the other grounds for the decision, but as the registrar in fact denied the record, we have thought it advisable to consider the merits of such refusal.

The second decision must be reversed and the refusal to record the first must be sustained for the reasons given.